ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
PAUL H. ROCHMES
Assistant United States Attorney
California Bar Number 077928
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2413
    Facsimile: (213) 894-0115
    E-mail: paul.rochmes@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SA CV14-01124-DOC(RNBx)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>vs.<br><br>SCOTT BURNHAM,<br><br>    Respondent. | Case No. CV 14-<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF; EXHIBITS (SANITIZED FOR PERSONAL INFORMATION) |

## PETITION

Petitioner states:

1.     This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C. The IRS has properly served the respondent, Scott Burnham ("Respondent"), with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2. Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3. The Internal Revenue Service is, and at all relevant times was, conducting an investigation and examination with respect to the collection of federal tax liabilities due and owing by Respondent for the period and year described on the summons. True and correct copies of the summons are attached as Exhibits 1 and 2 to the attached Declaration of Internal Revenue Service Revenue Officer Judith Hubbard ("R.O. Hubbard").

4. In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service by R.O. Hubbard. A true and correct copy of the Certificate of Service is attached as Exhibit 3 to the attached Declaration of R.O. Hubbard.

5. Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6. The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8. The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

9. No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

//
//

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

A. Respondent be ordered to appear and show cause before this Court why Respondent should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summons;

B. That Respondent be ordered by this Court to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to give testimony and to produce the books, records, papers, and other data as specified in the summons; and

C. That the Court grant the Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: June 15, 2014

*/s/ Paul Rochmes*
PAUL H. ROCHMES
Assistant United States Attorney
Attorneys for United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or *collecting any such liability*, the Secretary is authorized --
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
>
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry. (Emphasis added).

See also Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

Internal Revenue Code Sections 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt,

4

compliance with the IRS summonses. See also United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993). An Internal Revenue Service ("IRS") summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" United States v. Church of Scientology of California, 520 F.2d 818, 821 (9th Cir. 1975) (quoting Donaldson v. United States, 400 U.S. 517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process. United States v. Powell, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964). Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer. Id., 379 U.S. at 58; United States v. Stuart, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989). Accordingly, to obtain enforcement of an IRS summons, the government is required to make a prima facie case for enforcement of the summons. Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

In order to establish a prima facie case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. Crystal, 172 F.3d at 1143-44, citing Powell, 379 U.S. at 57-58. The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Crystal, 172 F.3d at 1144 (quoting Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made its prima facie case, the summoned party bears the "heavy" burden to

1 | "disprove the actual existence of a valid civil tax determination or collection
2 | purpose by the Service[.]" <u>Crystal</u>, 172 F.3d at 1144.

      Normally, the government makes the "good faith" showing of materiality and relevancy required by <u>Powell</u> in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. See <u>Crystal</u>, 172 F.3d at 1144 (quoting <u>United States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993)).

      As to the required showing of relevance, the Supreme Court stated in <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. Cf. Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigation and enforcement functions of the IRS, see <u>United States v. Powell</u>, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

(emphasis in original).

      "Once the Government has established its <u>prima facie</u> case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." <u>United States v. Samuels, Kramer and Co.</u>, 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons

to "refute the Government's Powell showing of good faith to oppose successfully the enforcement of an IRS summons." Id. at 1346; see also Crystal, 172 F.3d at 1144. "The taxpayer may challenge and attempt to rebut the prima facie case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." Gilleran, 992 F.2d at 233; see also Crystal, 172 F.2d at 1144. "The taxpayer, however, carries a heavy burden of convincing the district court to deny enforcement." Stuckey, 646 F.2d at 1372; accord Crystal, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" Derr, 968 F.2d at 945, quoting Stuart, 489 U.S. at 369, quoting S. Rep. No. 97-494, 97th Cong. 2d Sess., vol. 1, 285 (1982); see also, Church of Scientology, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)) and Liberty Financial Services, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." Stuckey, 646 F.2d at

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra). In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principal means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374.

In Donaldson, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings. In keeping with the summary nature of the proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's prima facie case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data. See, e.g,. Liberty Financial Services, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Derr, 968 F.2d at 945; accord Crystal, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." Jose, 131 F.3d at 1328-29.

### Conclusion

As the forgoing authorities establish, the instant petition, accompanied by the declaration of RO Hubbard, the agent who issued and served the summons, constitute a prima facie case for enforcement of the summons. As set forth in the Hubbard Declaration, the IRS is conducting an investigation to determine the collectability of the individual federal tax liabilities of Respondent for the taxable period ending December 31, 2007 and to identify income and proof of expenses;

8

the information sought by the summons may be relevant to that purpose; the IRS does not already have possession of the information sought; and the administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed. (Hubbard Decl., ¶¶ 5-18 and Exh. "1" –"4"). The as further explained in the Hubbard Declaration, the Respondent has failed to comply with the summons despite appearing before the Internal Revenue Service on two separate occasions – on May 28, 2013 and July 30, 2013. Accordingly, the Court should issue an order directing Respondent to show cause why the summons should not be enforced.

If Respondent fails to respond to or rebut the government's prima facie case for enforcement, then the Court should later issue an order enforcing the summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, to give the testimony and produce the books, records, papers, and other data for examination and copying as required by the summons.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division

DATED: July 15, 2014

/s/ Paul Rochmes

PAUL H. ROCHMES
Assistant United States Attorney
Attorneys for United States of America

# DECLARATION OF J. HUBBARD IN SUPPORT OF PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

**Summoned Party: Scott Burnham**
**Taxpayer: Scott Burnham**

I, Judith E. Hubbard, pursuant to 28 U.S.C. Section 1746(2), declare as follows:

1. My name as used and signed in the summons and this Declaration is not a pseudonym.

2. I am over eighteen years of age, and I am not a party to the government's federal court case to enforce the subject summons.

3. I am employed as a Revenue Officer in the Small Business/Self-Employed (SB/SE) Division of the Internal Revenue Service ("IRS"). My business address is in Laguna Niguel, California. I am authorized to issue IRS summonses under the authority of Section 7602 of the Internal Revenue Code (26 U.S.C.) ("IRC" and "the Code"). See Treasury Regulations, Section 301.7602-1 (26 C.F.R.); IRS Delegation Order No. 4 (as revised).

4. As a Revenue Officer, my duties include collecting delinquent tax accounts, securing delinquent tax returns, filing and releasing Federal tax liens, performing credit analysis and evaluations of assets, and conducting tax investigations of Federal tax returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, to assist the IRS in determining the correct tax liabilities, and in cases where the required returns are not filed, I also assist the IRS in investigating whether such returns should have been filed.

5. In my capacity as a Revenue Officer, I conducted an investigation into the collectability of the individual federal tax liabilities of Scott Burnham ("the summoned party"), for the taxable period ending December 31, 2007 (hereinafter referred to as the "subject tax period").

6. The purpose of the investigation is to determine the collectability of tax of the summoned party, and to identify income and proof of expenses.

1

7. On April 22, 2013, in furtherance of the above-referenced investigation and in accordance with I.R.C. Section 7602 of Title 26 U.S.C., I issued an administrative summons, IRS Form 6637 to the summoned party, to appear before me on May 28, 2013, to give testimony and produce for examination the documentation as described in said summons. A true and correct copy of the original summons is attached hereto as **Exhibit 1.**

8. On April 25, 2013, in accordance with I.R.C. Section 7603 of Title 26 U.S.C., I served the attested duplicate original copy of the IRS summons described in the immediately preceding paragraph on the summoned party, which I accomplished by leaving a copy of the summons with the summoned party's former spouse, Rheanne Burnham, at the last and usual place of abode of the person to whom it was directed. The attested duplicate original copy of the summons is attached hereto as **Exhibit 2.** The Certificate of Service with respect to the summons is attached hereto as **Exhibit 3.**

9. On May 28, 2013, the summoned party appeared but failed to produce the books, papers, records, and other data sought by the IRS summons. The summoned party's failure to comply with the summons continues to the date of this declaration.

10. On July 8, 2013, Acting Associate Area Counsel, K. Nguyen, issued a "last chance letter" to the summoned party, again requesting full compliance with the above-referenced Summons, re-scheduling the return date on such summons to July 30, 2013, and stating that if the summoned party did not comply with the summons, legal proceedings may be brought against him in the United States District Court. A copy of the letter is attached hereto as **Exhibit 4.**

11. On July 30, 2013, the date of the last chance meeting with me, I was out sick. The summoned party called me and left me a voicemail message saying that he came to the meeting, however, the summoned party did not meet with anyone at the IRS office and didn't provide the information requested in the summons.

2

12. On August 1, 2013, I spoke with the summoned party over the telephone, and inquired about the records described in the summons. I requested that the records be provided to me by August 20, 2013. The summoned party, however, failed to provide the records by that date.

13. On September 9, 2013, E.A. Jin Kimoto, on behalf of the summoned party, faxed me an incomplete copy of a Form 433-A ("Collection Information Statement for Wage Earners and Self-Employed Individuals") and some bank statements. The documents provided are insufficient for me to make a collection determination in this case and are not in compliance with the summons.

14. On September 09, 2013, I left a voicemail message for the summoned party's Power of Attorney Jin Kimoto. I informed him that the records provided on September 09, 2013, were incomplete, and further information was needed. I advised Mr. Kimoto that the IRS would move forward with the enforcement of the summons.

15. On September 9, 2013 and October 22, 2013, I levied the summoned party's Wells Fargo account but the levied proceeds were insufficient to satisfy the summoned party's income tax liability for the subject tax period. That account is now closed and I don't know what other collection sources the summoned party has.

16. As of the date of this declaration, the summoned party has not produced all the documents, records, and other information described in the summons.

17. The testimony sought by the IRS summons is not already in the possession of the IRS.

18. All the books, papers, records, and other data sought by the IRS summons are not already in the possession of the IRS.

19. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the IRS summons have been taken.

20. The testimony and the documents, records, and other information demanded by the IRS summons are necessary to determine the collectability of the summoned party's tax liability and to locate income and assets, or ascertain what income and assets the summoned party has.

21. No recommendation for criminal prosecution of Scott Burnham has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. Section 7602(d), is in effect with respect to Scott Burnham.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 24, 2014

Judith Hubbard
Revenue Officer
Internal Revenue Service

# Summons

## Collection Information Statement

In the matter of  SCOTT BURNHAM, ~~[redacted]~~
Internal Revenue Service *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED
Industry/Area *(Identify by number or name)*  SB/SE AREA 7 (27)
Periods:  Form 1040 for the calendar period ending December 31, 2007

**The Commissioner of Internal Revenue**

**To:** SCOTT BURNHAM
**At:** ~~[redacted]~~

You are hereby summoned and required to appear before J. HUBBARD, an Internal Revenue Service *(IRS)* officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From 01/01/2012  To Present

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:

24000 AVILA ROAD, MAIL STOP 5107, LAGUNA NIGUEL  CA  92677-3405  (949) 389-4237

**Place and time for appearance:** At  24000 AVILA ROAD THIRD FLR RM 3202, MAIL STOP 5107 2311, LAGUNA NIGUEL, CA  92677-3405

**IRS**

on the  28th  day of  May , 2013  at  10:00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  22nd  day of  April , 2013

Department of the Treasury
Internal Revenue Service

J. HUBBARD   *[signature]*     REVENUE OFFICER
Signature of issuing officer

www.irs.gov
Form 6637 (Rev.10-2010)
Catalog Number 25000Q

Signature of approving officer *(if applicable)*

Docket No. GL-128467-13
Exhibit 1

# Summons

## Collection Information Statement

In the matter of  SCOTT BURNHAM, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Internal Revenue Service (Identify Division)  SMALL BUSINESS/SELF EMPLOYED
Industry/Area (Identify by number or name)  SB/SE AREA 7 (27)
Periods:  Form 1040 for the calendar period ending December 31, 2007

**The Commissioner of Internal Revenue**

To:  SCOTT BURNHAM
At:  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

You are hereby summoned and required to appear before J. HUBBARD, an Internal Revenue Service (IRS) officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest. These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From  01/01/2012  To  Present

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement. We have attached a blank statement to guide you in producing the necessary documents and records.

**Do not write in this space**

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____[signature]_____              REVENUE OFFICER, 0841002
Signature of IRS Official Serving the Summons       Title

Business address and telephone number of IRS officer before whom you are to appear:

24000 AVILA ROAD, MAIL STOP 5107, LAGUNA NIGUEL  CA  92677-3405  (949) 389-4237

Place and time for appearance at:  24000 AVILA ROAD THIRD FLR RM 3202, MAIL STOP 5107 2311, LAGUNA NIGUEL, CA  92677-3405

**IRS**

on the  28th  day of  May , 2013  at  10:00  o'clock  a  m.

Issued under authority of the Internal Revenue Code this  22nd  day of  April , 2013

Department of the Treasury
Internal Revenue Service           J. HUBBARD   _____[signature]_____        REVENUE OFFICER
www.irs.gov                              Signature of Issuing Officer
Form 6637 (Rev.10-2010)
Catalog Number 25000Q
                                          Signature of Approving Officer (if applicable)

Docket No. GL-128467-13
Exhibit 2

Part A -- t▮



# Certificate of Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| April 25, 2013 | PM |

**How Summons Was Served**

☐ I handed an attested copy of the summons to the person to whom it was directed.

☒ I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any):
RHEANNE BURNHAM, EX SPOUSE OR MOM,

| Signature | Title |
|---|---|
| J. Hubbard | Revenue Officer |

Docket No. GL-128467-13
Exhibit 3

I certify that the copy of the summons served contained the required certification.

| Signature | Title |
|---|---|
| J. Hubbard | Revenue Officer |

Catalog No. 25000Q

Form **6637** (Rev. 10-2010)



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**OFFICE OF CHIEF COUNSEL**
**SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL**
24000 AVILA ROAD, SUITE 4404
MAIL STOP 8800
LAGUNA NIGUEL, CA 92677
(949) 360-2681
FAX (949) 360-2675

JUL - 8 2013

CC:SB:8:LN:1:GL-128467-13
GKStauffer

Scott Burnham


Dear Mr. Burnham:

The Area Director of Internal Revenue has notified our office that you did not comply with the provisions of the summons served on you on April 22, 2013. Under the terms of the summons, you were required to appear before Revenue Officer Hubbard on May 28, 2013.

Legal proceedings may be brought against you in the United States District Court for not complying with this summons. To avoid such proceedings, you are to appear before Revenue Officer:

    Name: J. Hubbard
    Date: July 30, 2013
    Time: 10:00 a.m.
    Address: 24000 Avila Road
        Room 3202
        Laguna Niguel, CA 92677-3405

Any books, records or other documents called for in the summons should be produced at that time. If you have any questions, please contact Revenue Officer Hubbard at (949) 389-4237.

Sincerely,

KIM K. NGUYEN
General Attorney (Laguna Niguel, Group 1)
(Small Business/Self-Employed)
Tax Court Bar No. NK0040

cc: J. Hubbard, Revenue Officer, Laguna Niguel

Docket No. GL-128467-13
Exhibit 4

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

UNITED STATES OF AMERICA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SCOTT BURNHAM

**(b)** County of Residence of First Listed Plaintiff   LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   ORANGE
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
U.S. ATTORNEY'S OFFICE, ATTN: PAUL H. ROCHMES
300 N. LOS ANGELES STREET, ROOM 7211
LOS ANGELES, CA 90012
TEL.: (213) 894-2413, FAX: (213) 894-0115

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [X] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [ ] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify): _____
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 U.S.C. § 7402(b) AND 7604(a)- Petition to Enforce Internal Revenue Service Summons

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   SACV14-01124

CV-71 (06/14)                          CIVIL COVER SHEET                          Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☒ Yes ☐ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☒ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| D.1. Is there at least one answer in Column A?<br>☒ Yes ☐ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?**  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_  DATE: 7/16/14

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |